

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT GORDON, | No. 17-16821 |
| Plaintiff-Appellant, | D.C. No. 5:10-cv-05399-EJD |
| v. | |
| METROPOLITAN LIFE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted December 19, 2018[**]
San Francisco, California

Before: CALLAHAN, N.R. SMITH, and MURGUIA, Circuit Judges.

Robert Gordon brought suit against Metropolitan Life Insurance Company

(MetLife) for its denial of longterm disability benefits under a plan governed by

the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§§ 1001-1461. The district court granted summary judgment in MetLife's favor, applying an abuse of discretion standard. Because the district court applied the wrong standard, we reverse and remand.

The district court reviews a decision to deny benefits under an ERISA plan de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 981 (9th Cir. 2005) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). "When the plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits, that determination is reviewed for abuse of discretion." *Id.* However, even where a plan gives discretionary authority to the administrator,[1] de novo review (rather than abuse of discretion review) applies when an administrator fails to actually exercise its discretion in the denial of benefits or when an administrator commits "wholesale and flagrant violations of the procedural requirements of ERISA, and . . . acts in utter disregard of the underlying purpose of the [benefit] plan[.]" *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 971-72 (9th Cir. 2006) (en banc).

---

[1] It is undisputed that the benefit plan at issue gave MetLife discretionary authority.

2

Here, MetLife's denial of benefits is subject to de novo review, because (1) MetLife did not exercise its discretion when it failed to issue a final decision on Gordon's appeal of its initial denial of benefits, even years after the 90-day deadline to do so, and (2) that failure is a wholesale and flagrant violation of the requirements of both ERISA and the benefit plan. *See Abatie*, 458 F.3d at 971. Despite the district court's characterization that MetLife violated only timing requirements, MetLife's failure to issue a final decision on the appeal after years (and without explanation) is necessarily a violation of the procedural requirements for appeals set forth in ERISA. *See* 29 C.F.R. § 2560.503–1(h)-(j). Such action utterly disregards MetLife's obligations as a plan administrator.

Summary judgment in an ERISA case is only proper where there are no genuine disputes of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Because the parties have produced conflicting medical opinions regarding Gordon's disability, those opinions create a genuine dispute of material fact. Accordingly, we reverse the district court's improper grant of summary judgment.

**REVERSED** and **REMANDED**.